IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRECE D. COLEMAN, #R55084, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-cv-66-RJD |
| ) | |
| IDOC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion for Recruitment of Counsel (Doc. 34) and Defendant Percy Myers' Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 37). Plaintiff Tyrece D. Coleman, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.1. Doc. 1. He claimed defendants failed to treat his pain from several medical conditions and failed to provide accommodations for his hearing impairment and mobility impairments. *Id.*

Plaintiff made the following allegations against Defendant Myers. Plaintiff saw Dr. Myers on June 19, 2024, regarding his need for mobility accommodation and pain relief. Doc. 1, p. 16. Myers allegedly refused to increase Plaintiff's pain medication and refused to renew the medical

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. Doc. 31.

permits for his hand, wrist, and knee braces. Myers said Plaintiff's medical records from Stateville and Cook County Jail regarding his medical and ADA issues had not been forwarded to Lawrence. Plaintiff insisted those records should have followed him. Myers refused to provide Plaintiff with any accommodations until an outside specialist evaluated him. Myers put in a referral, but did not follow up, so Plaintiff's needs were not addressed for a year. Myers allowed prison security officers to confiscate Plaintiff's braces on July 24, 2024, and Plaintiff received a disciplinary infraction for that incident. Doc. 1, pp. 19, 61.

Following threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Cunningham and Bice for delaying and failing to provide necessary devices to accommodate Plaintiff's hearing impairment after his transfer to Lawrence on November 1, 2023.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Cunningham and Myers for delaying and failing to provide assistance and/or devices to assist Plaintiff with his mobility impairments after his transfer to Lawrence on November 1, 2023.

Count 3: Eighth Amendment deliberate indifference claim against Defendants Myers and Cunningham for delaying and denying treatment for Plaintiff's chronic pain after his transfer to Lawrence on November 1, 2023.

Count 4: Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC for failing to accommodate Plaintiff's hearing and mobility disabilities after his transfer to Lawrence on November 1, 2023.

Count 5: Illinois state law medical negligence claim against Defendant Myers for breaching his duty of care to treat Plaintiff for his mobility impairments and ongoing pain.

Count 6: Illinois state law claim for intentional infliction of emotional distress against Defendant Bice for ignoring Plaintiff's requests for assistance with his hearing impairment

Doc. 15, p. 13.

For the reasons set forth below, Plaintiff's Motion for Recruitment of Counsel (Doc. 34) and Defendant Percy Myers' Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 37) are **DENIED**.

**Plaintiff's Motion for Recruitment of Counsel (Doc. 34)**

This is Plaintiff's third motion for the recruitment of counsel. Plaintiff's prior two motions were denied for being premature and for insufficient efforts to establish his independent attempts to obtain counsel on his own. Docs. 3, 12, 14, & 15. Specifically, Plaintiff had attached three letters from law firms to his initial motion to recruit counsel. Doc. 3, pp. 7-10. However, all letters predated the filing of the Complaint for several months. *Id.* Additionally, the first two letters, which came from Equip for Equality and MPS Law, were dated May 10, 2024, and June 25, 2024, respectively, thus predating not only the filing of the Complaint but also a substantial portion of Plaintiff's allegations therein. Doc. 3, pp. 7-9. Further, the Equip for Equality advised Plaintiff on how to obtain ADA accommodations and further noted that if Plaintiff's grievances were denied, he could reach back to Equip for Equality for further assistance. *Id.* There is no indication that Plaintiff did so. The Court notes that Plaintiff has another pending civil rights case before the U.S. District Court for the Northern District of Illinois. Accordingly, the Court is not convinced that Plaintiff has made reasonable attempts to independently obtain counsel for this specific case.

The Court previously instructed Plaintiff twice to provide at least one additional rejection letter from an attorney to demonstrate his efforts to retain counsel independently. Docs. 12 & 15. In his renewed motion, Plaintiff again failed to submit any additional rejection letter.

Therefore, Plaintiff's Motion for Recruitment of Counsel (Doc. 34) is **DENIED**. Plaintiff is **WARNED** that no more motions for recruitment of counsel will be entertained unless he submits at least one additional rejection letter from an attorney to demonstrate that he has made reasonable efforts to obtain counsel on his own in this specific case.

**Defendant Percy Myers' Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 37)**

On August 13, 2025, Defendant Myers moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies.[2] Plaintiff's grievance records obtained from the Administrative Review Board ("ARB") and Lawrence were attached to Defendant's memorandum in support of the motion. Docs. 38-1 & 38-2. Plaintiff did not respond. The Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

## Analysis

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v.*

---

[2] The remaining Defendants withdraw their affirmative defense of failure to exhaust administrative remedies. Docs. 36 & 40.

*Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).[3]

***Exhaustion Requirement***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the IDOC must first submit a written grievance within 60 days

---

[3] This case does not implicate *Perttu v. Richards*, 145 S.Ct. 1793 (2025) because Plaintiff has not argued that his attempts to exhaust his administrative remedies were hindered by Defendants' unconstitutional conduct as alleged in the Complaint.

after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." *Id.* § 504.810(c). An inmate who does not know the names of individuals involved in the complaint must include as much descriptive information about the individual as possible. *Id.*

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the CAO — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id.* §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). "The appeal must be received by the [ARB] within 30 days after the date of the decision." *Id.* The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. 20 Ill. Admin. Code § 504.850(d) and (e).

Further, the Seventh Circuit has explained that to satisfy its purpose and comply with the PLRA requirements, the grievance must contain sufficient information to allow prison officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); *see also Brown v. Briggs*, No. 22-1963, 2023 WL 3674669, at *2 (7th Cir. May 26, 2023) ("the grievance

must raise the same claim as the lawsuit and provide enough information to indicate that the defendant is the target"). But failing to name the defendants in a grievance is "a mere technical defect" where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

## Discussion

Defendant Myers' memorandum in support of his motion contains a Statement of Undisputed Material Facts that details Plaintiff's relevant grievance history. Doc. 38, pp. 2-8. Because the Court finds that Grievances K75-0924-2165 exhausted Plaintiff's administrative remedies as to his claims against Defendant Myers, discussion of the remaining grievances is unnecessary.

Plaintiff submitted Grievance K75-0924-2165 on September 16, 2024. Doc. 38-1, pp. 92-93. Plaintiff grieved the medical treatment he received for his alleged mobility impairments and pain. *Id.* He stated that on July 27, 2024, Dr. Myers told him he did not believe Plaintiff had nerve damage. *Id.* On November 4, 2024, the correctional counselor contacted the Health Care Unit Administrator ("HCUA") regarding Plaintiff's grievance. *Id.* The HCUA stated that Plaintiff has been seen by medical providers several times for his complaints, is awaiting an EMG and imaging, and is already on the maximum dose of multiple pain medications. *Id.* The grievance officer found the grievance was moot, and the CAO concurred on November 19, 2024. *Id.* at 91. Plaintiff appealed this grievance to the ARB on November 25, 2024. *Id.* The ARB received the grievance on December 6, 2024, and denied it on the merits, finding that the facility had appropriately addressed it on March 31, 2025.[4] *Id.* at 90.

---

[4] The ARB addressed Grievance K75-0924-2165 along with Grievance K75-0924-2166. Doc. 38-1, p. 90.

Defendant Myers does not dispute that Grievance K75-0924-2165 was fully exhausted. He argues, however, that it is substantively insufficient to exhaust Plaintiff's administrative remedies on the claims against him. He claims that while Grievance K75-0924-2165 states that he disputed Plaintiff's allegations of nerve damage, it is silent on his alleged refusal to renew Plaintiff's permits and provide pain medication. Myers further relies on Plaintiff's prior grievances, which claimed that another provider, "Ms. Aurora," had refused to renew Plaintiff's permits.

The Court disagrees. In Grievance K75-0924-2165, Plaintiff explicitly identified Dr. Myers among the individuals who, on July 27, 2024, allegedly delayed outside medical treatment necessary for assessing the need for renewal of Plaintiff's wrist and knee braces. Doc. 38-1, p. 92. He further stated that those individuals were deliberately indifferent to his medical needs in allowing the confiscation of those accommodations without a prior medical assessment by an expert. *Id.* Plaintiff went on to state that on July 27, 2024, Dr. Myers told him he did not believe that Plaintiff had nerve damage, despite Plaintiff explaining of his prior medical history including a back surgery for a herniated disc, nerve damage in his left leg, chronic lower back pains, arthritis in his neck and carpal tunnel in his right hand and wrist and a weak right knee. *Id.* Plaintiff stated that Dr. Myers, along with other individuals, was deliberately indifferent to his medical needs, denied him reasonable accommodations in violation of the ADA, and intentionally caused Plaintiff to suffer severe emotional distress. *Id.* at 93. Plaintiff sought reasonable accommodations and to be seen by specialists for those medical needs, including his pain and mobility issues. *Id.* at 92.

These are precisely the claims that Plaintiff raises against Defendant Myers in this action:

---

In Grievance K75-0924-2166, Plaintiff also complained about his chronic pain and mobility issues being deliberately ignored, as well as about the confiscation of his wrist and knee braces. *Id.* at 95-98.

medical negligence and deliberate indifference claims for delaying and failing to provide assistance and/or devices to assist Plaintiff with his mobility impairments and for delaying and denying treatment for Plaintiff's chronic pain. While there is a few-day discrepancy between the Complaint and the grievance regarding when Plaintiff saw Dr. Myers, this does not alter the fact that the Grievance contained sufficient information to allow the institution to address Plaintiff's claims.

This is evident from the Counselor's, Grievance Officer's, and ARB's responses to Grievance K75-0924-2165. The Counselor and Grievance Officer adopted the HCUA's response to Grievance K75-0924-2165, which stated, inter alia, that on June 19, 2024, Plaintiff was "seen and treated by a medical doctor. Low bunk, low gallery permit issued, documented EMG will determine if patient needs knee or wrist brace." *Id.* at 94. This is the date Plaintiff alleged in the Complaint that Dr. Myers denied Plaintiff's request for renewal of his permit and for medication for his chronic pain. Furthermore, the ARB's response to Plaintiff's appeal explicitly identified Dr. Myers as one of the individuals whose conduct Plaintiff grieved in Grievance K75-0924-2165, but found the grievance moot because there was a current permit for wrist and knee braces. This shows that the institution understood Plaintiff's claims against Defendant Myers and took measures to resolve them.

Finally, the fact that Plaintiff's prior grievances stated that Ms. Aurora denied Plaintiff's requests for renewal of his permits is immaterial. More than one medical provider can be deliberate indifferent to the same medical need. It is clear from the record that Plaintiff maintained a claim against Defendant Myers for his alleged deliberate indifference to Plaintiff's chronic pain and mobility accommodations.

Accordingly, the Court finds that Grievance K75-0924-2165 contained sufficient information to serve its purpose, *i.e.*, to allow the institution to resolve Plaintiff's claims internally prior to the initiation of this civil action.

### Conclusion

For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 34) and Defendant Percy Myers' Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 37) are **DENIED**. Plaintiff is **WARNED** that no more motions for recruitment of counsel will be entertained unless he submits at least one additional rejection letter from an attorney to demonstrate that he has made reasonable efforts to obtain counsel on his own in this specific case.

**IT IS SO ORDERED.**

**DATED: December 10, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**