IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRECE D. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-66-RJD |
| | ) | |
| IDOC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motions for Recruitment of Counsel (Doc. 46 & 58). For the reasons set forth below, Plaintiff's motions are **GRANTED**.

**Background**

Plaintiff Tyrece D. Coleman, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and state law. (Doc. 1). He claimed Defendants failed to treat his pain from several medical conditions and failed to provide accommodations for his hearing and mobility impairments. *Id.*

Following threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

---

[1] This matter has been assigned to the undersigned to conduct any proceedings, including trial and final entry of judgment, through the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 31.

Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Cunningham and Bice for delaying and failing to provide necessary devices to accommodate Plaintiff's hearing impairment after his transfer to Lawrence on November 1, 2023.

Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Cunningham and Myers for delaying and failing to provide assistance and/or devices to assist Plaintiff with his mobility impairments after his transfer to Lawrence on November 1, 2023.

Count 3:    Eighth Amendment deliberate indifference claim against Defendants Myers and Cunningham for delaying and denying treatment for Plaintiff's chronic pain after his transfer to Lawrence on November 1, 2023.

Count 4:    Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC for failing to accommodate Plaintiff's hearing and mobility disabilities after his transfer to Lawrence on November 1, 2023.

Count 5:    Illinois state law medical negligence claim against Defendant Myers for breaching his duty of care to treat Plaintiff for his mobility impairments and ongoing pain.

Count 6:    Illinois state law claim for intentional infliction of emotional distress against Defendant Bice for ignoring Plaintiff's requests for assistance with his hearing impairment.

(Doc. 15, p. 13).

## **Discussion**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so,

and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has in the past filed four other motions for recruitment of counsel, which were denied without prejudice as premature and because Plaintiff had failed to demonstrate adequate attempts to obtain counsel on his own. (Docs. 3, 12, 14, 15, 41). In his current motion and supplemental filings, Plaintiff attached recent letters from several law firms denying him representation in this matter. (Doc. 58, pp. 4-8). Accordingly, Plaintiff has demonstrated reasonable attempts to obtain counsel on his own.

Plaintiff argues that retaining counsel is necessary because of a documented preexisting learning disability that significantly impairs his ability to process information, read, and comprehend complex legal documents. Doc. 34, p. 1. He represents that prior to his incarceration, he was receiving Supplemental Security Income and that the agency had appointed him a payee due to his inability to manage financial decisions independently. *Id.*

Plaintiff has raised six claims under federal and state law against multiple Defendants, including claims for deliberate indifference to serious medical needs. This case has now passed the exhaustion-of-administrative-remedies stage, and the parties have been conducting discovery on the merits. Discovery is set to close on December 17, 2026. (Doc. 45). The Seventh Circuit has noted that "[a]s the case moves beyond the pleading stage, into discovery, and closer to trial, plaintiffs in deliberate indifference cases "face an increasingly complex set of demands" in that they have to identify and present the right type of evidence to demonstrate defendants' state of mind. *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (citation and quotation marks omitted). "While some state-of-mind issues may involve subtle questions too complex for pro se

litigants, the Seventh Circuit has rejected the proposition "that state-of-mind questions are categorically too difficult for pro se litigants." *Id.*, 893 F.3d 1027, 1032 (7th Cir. 2018).

Further, Plaintiff has filed a Motion for Temporary Restraining Order/Preliminary Injunction complaining of an ongoing violation of his constitutional rights. (Doc. 49). Also pending before the Court are Plaintiff's discovery motions (Doc. 42 & 51) and a motion seeking to dismiss certain Defendants (Doc. 53). Having reviewed the record and taking into consideration the number and nature of Plaintiff's claims against several Defendants and his documented learning disability, the Court finds that the complexity of this case exceeds his ability to prosecute it pro se. Accordingly, Plaintiff's Motions for Recruitment of Counsel (Docs. 36 & 58) are **GRANTED**.

**IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Dan Alexander** of Maron Marvel Bradley, *et al*. is **ASSIGNED** to represent Plaintiff Tyrece D. Coleman in this civil rights case. On or before **June 1, 2026**, assigned counsel shall enter his appearance in this case. Attorney Alexander may share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Alexander. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation.

If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Further, in light of the recruitment of counsel, Plaintiff's MOTION Pursuant to the Federal Rules of Evidence Rule 706(a)(b)(c) (Doc. 42), Emergency MOTION for Temporary Restraining Order and Preliminary Injunction (Doc. 49), MOTION to Compel (Doc 51), and MOTION to Dismiss Defendants (Doc. 53) are **DENIED without prejudice**. LR-SDIL 83.9(c) ("Upon assignment of counsel, all pending motions filed by the party *pro se* shall be denied without prejudice so that assigned counsel can evaluate how to proceed, unless otherwise ordered by the Court.").

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures. Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[2] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if, after the assignment, counsel discovers that Plaintiff can pay for legal

---

[2] District Court Plans | Southern District of Illinois | United States District Court

services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with the Uptown People's Law Center to consult with attorney Alan Mills and other lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@kaplangrady.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner pro bono on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys, which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

Tyrece D. Coleman
R55084
LAWRENCE CORRECTIONAL CENTER
10930 Lawrence Road
Sumner, IL 62466

### Conclusion

For the reasons set forth above, Plaintiff's Motions for Recruitment of Counsel  (Doc. 46 & 58) are **GRANTED**. Attorney Alexander shall enter his appearance by **June 1, 2026.** The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Alexander at 191 North Wacker Drive, Suite 2950, Chicago, IL 60606. This matter will be set for a status conference once Attorney Alexander enters his appearance.

**IT IS SO ORDERED.**

**DATED: May 15, 2026**

_____

**Hon. Reona J. Daly**
**United States Magistrate Judge**